**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| Wendell Cooper, ) | Civil Action No.: 7:15-cv-03072-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Spartanburg School District 7, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Defendant Spartanburg County School District No. 7's ("Defendant") motions to dismiss (ECF Nos. 72, 75.) Plaintiff is proceeding *pro se*. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) (2012) and Local Civil Rule 73.02(B)(2)(e), D.S.C. (2017), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for a Report and Recommendation. On February 24, 2016, Judge Austin issued a Report and Recommendation ("Report") recommending that the court grant Defendant's motions to dismiss pursuant to Fed. R. Civ. P. 37 and 41(b). (ECF No. 92.) For the reasons stated herein, the court **ADOPTS** the Report and Recommendation (ECF No. 92), and therefore Defendant's motions to dismiss (ECF Nos. 72, 75) are **GRANTED**. It is therefore **ORDERED** that Plaintiff's action (ECF No. 1) is **DISMISSED** with prejudice.

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his initial action in this court on August 5, 2015, alleging causes of action for violations of the Family and Medical Leave Act ("FMLA") (29 U.S.C. §2601, et. seq.) (2012) (ECF No. 1 at 10 ¶ 38.) Plaintiff's second cause of action is for retaliation in violation of Title VII of the Civil Rights Act of 1964 (42 USCS §§ 2000e et seq.) (2012) and 42 U.S.C. §§ 1981, 1981(b)

1

(2012). (ECF No. 1 at 11 ¶ 41.) Plaintiff's third cause of action is for breach of contract in violation of South Carolina Code §§ 59-2-50 (2017), 41-10-30 (2017), 41-1-10 (2017). (ECF No. 1 at 13 ¶ 44.) Plaintiff's fourth cause of action is for discrimination based on disability in violation of Title IV of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101, et seq.) (2012) (ECF No. 1 at 14 ¶ 50.) Plaintiff's fifth cause of action is for retaliation under Titles I and V of the ADA (42 U.S.C. § 12203(a-b) (2012)). (ECF No. 1 at 16-17.)

On November 3, 2015 Defendant filed an answer to the complaint. (ECF No. 14.) On November 12, 2015, the court issued a conference and scheduling order, in which a discovery deadline of April 27, 2016 was set. (ECF No. 17.) On January 15, 2016, a consent order amending the schedule was entered and the discovery deadline was extended to September 26, 2016. (ECF No. 30.) On September 26, 2016, two motions for extension of time for discovery were filed by Plaintiff, one for Plaintiff's responses to Request for Admissions (ECF No. 42), and the other for Plaintiff's Response to Production of Documents (ECF No. 43.) Also on September 26, 2016, Defendant filed a motion to compel discovery responses from Plaintiff and to allow additional deposition time of Plaintiff. (ECF No. 44.) Attached to Defendant's motion to compel, were Defendant's Interrogatories to Plaintiff and a certificate of service on Plaintiff (ECF No. 44-1) and Defendant's Request for Production to Plaintiff and a certificate of service on Plaintiff (ECF No. 44-2.) Both of these certificates of service were dated August 16, 2016. (ECF Nos. 44-1 and 44-2.) Plaintiff was deposed on September 26, 2016, but Defendant claims Plaintiff was unresponsive and had not responded to Defendant's interrogatories or request for production. (ECF No. 44 at 3); *see also* (ECF No. 72-1.) Plaintiff eventually responded to both Defendant's interrogatories and request for production on November 14, 2016. (ECF Nos. 72-3, 72-4.)

After review of Plaintiff's motions for an extension of time and Defendant's motion to compel, the Magistrate Judge entered a text order on September 27, 2016 stating in part that "Plaintiff has previously been warned that his failure to comply with discovery requests may result in the imposition of sanctions and/or dismissal of a case." (ECF No. 45.) In the same order, Plaintiff was ordered to show cause within twenty (20) days after entry of the order as to why he had not complied with Defendant's discovery requests, why he refused to answer questions at his September 26, 2016 deposition, and why he should not be sanctioned by the court for this failure. *Id.*

On October 3, 2016, Plaintiff filed another motion to extend time to reply to Defendant's Answer to Plaintiff's Request for Admission. (ECF No. 48.) On October 11, 2015, Plaintiff filed a motion to strike Defendant's motion to compel his discovery response and for additional time to take his deposition. (ECF No. 52.) On October 15, 2016, Defendant responded in opposition to Plaintiff's previous three motions (ECF Nos. 42, 43, 48.) (ECF No. 62.) On October 20, 2016, Plaintiff replied to the order to show cause. (ECF No. 65.) On October 27, 2016, the Magistrate Judge entered an order denying Plaintiff's motions for extension of time (ECF Nos. 42, 43, 48), granting Defendant's motion to compel (ECF No. 44), and denying Plaintiff's motion to strike Defendant's motion to compel (ECF No. 52). (ECF No. 66.)

In the October 27, 2016 order, Plaintiff was ordered by November 10, 2016 to "provide full and complete written responses to Defendant's interrogatories and requests for production. Further, [his] deposition shall be reconvened, and [he] is ordered to answer questions and participate fully in his deposition." (ECF No. 66.) Plaintiff was also given a final warning about not complying with Defendant's discovery requests and that failure to comply may result in sanctions. (ECF No. 66 at 3-4.) On November 2, 2016, Plaintiff was served by process server with

3

a notice and subpoena to testify at the reconvened deposition on November 15, 2016. (ECF No. 72-2.) The subpoena also directed Plaintiff to bring copies of the previously court-ordered responses to Defendant's interrogatories and request for production. (ECF No. 72-2.) On November 14, 2016, Plaintiff sent an e-mail and facsimile to counsel for Defendant with Plaintiff's responses to Defendant's request for admissions (ECF No. 72-3) and Defendant's first set of interrogatories (ECF No. 72-4), and indicated that they were also being mailed to Defendant's counsel as well.

On November 15, 2016, Defendant filed its first motion to dismiss under Fed. R. Civ. P. Rule 37, 37 (b)(2)(A)(v) and 41(b) for Plaintiff's failure to comply with the court's order that "Plaintiff shall by November 10, 2016, provide full and complete written responses to Defendant's interrogatories and requests for production." (ECF No. 72.) On November 15, 2016, a "Roseboro Order" was sent to Plaintiff advising him about the procedures for dismissal/summary judgment, the requirements of the parties, and the consequences of not responding to Defendant's motion. (ECF No. 73.)

On November 15, 2016, Plaintiffs deposition was reconvened, but apparently he was not feeling well (ECF No. 82 at 193), so both parties mutually decided to reconvene the deposition again on Friday, November 18, 2016. (ECF No. 82 at 197-98.) On November 17, 2016, Plaintiff e-mailed Defendant's counsel stating that he was cancelling his deposition and that he would submit a doctor's note. (ECF No. 75-2.) Defendant responded to the e-mail on the same day and stated in part that Plaintiff could not unilaterally cancel the deposition and that it would continue as planned, and if Plaintiff did not show up for the deposition, it would seek sanctions against him. (ECF No. 75-3.) Plaintiff did not attend the deposition of November 18, 2016, and Defendant filed its second motion to dismiss adding Fed. R. Civ. P. 37(d) as a ground for dismissal. (ECF No. 75.)

Plaintiff filed two responses in opposition to Defendant's first and second motion to dismiss on December 19 and 21, 2016 respectively. (ECF Nos. 78, 80.) In Plaintiff's December 21, 2016 response, he included a doctor's note with supporting documentation as to why he could not be present at the November 18, 2016 deposition. On December 28, 2016, Defendant filed a reply to Plaintiff's response. (ECF Nos. 81, 82.)

On February 24, 2017, the Magistrate Judge issued a Report and Recommendation recommending to the court that it grant both of Defendant's motions to dismiss under Fed. R. Civ. P. 37 and 41(b) (ECF Nos. 72, 75.) (ECF No. 92.) On March 9, 2017, Plaintiff moved for an extension of time to file response/reply to the Magistrate Judge's findings. (ECF No. 95.) On March 10, 2017, Plaintiff's motion for extension of time (ECF No. 95) was granted with replies being due on March 20, 2017. (ECF No. 96.) On March 21, 2017, Plaintiff filed his objections to the Magistrate Judge's Report. (ECF No. 97.) On March 31, 2017, Defendant moved for an extension of time to file response/reply as to objections made by Plaintiff. (ECF No. 101.) On April 4, 2017, Defendant's motion for an extension of time (ECF No. 101) was granted and the reply was due on April 11, 2017. (ECF No. 102.) On April 11, 2017, Defendant entered its reply to Plaintiff's objections (ECF No. 97). (ECF No. 104.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber,* 423 U.S. 261, 270-71 (1976) ("The magistrate may do no more than propose a recommendation, and neither [28 U.S.C.] § 636(b) nor the General Order gives such recommendation presumptive

weight.") This court is charged with making a *de novo* determination of those portions of the report to which specific objections are made, and the court may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1)(C). Objections to a Report and Recommendation must specifically identify portions of the Report and the basis of those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982).

### III. ANALYSIS

As an initial matter, this court notes that Plaintiff responded with objections to the Magistrate Judge's Report on March 21, 2016, a day later than was required by the extension of time that was granted to him (ECF No. 96.) However, March 20, 2016 was a Sunday and hence Plaintiff's filing on March 21, 2016 was proper. *See* Fed. R. Civ. P. 6(a)(1)(C) (2012) (". . . if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.")

In his objections, Plaintiff identifies two areas of the Magistrate Judge's Report (ECF No. 92) to which he objects. First, Plaintiff asserts that the Magistrate Judge erred in not considering his argument about the untimeliness of the discovery request from Defendant (ECF No. 97 at 2.)

6

Second, Plaintiff asserts that the Magistrate Judge erred in considering his absence from the November 18, 2016 deposition as a factor in his non-compliance with the court's October 27, 2016 order (ECF No. 66) which led to the Magistrate Judge's subsequent recommendation of dismissal of this case (ECF No. 92). (ECF No. 97 at 10.) Because Plaintiff has filed specific objections, the court will conduct a *de novo* review of the Report as to these objections. As to Plaintiff's other objections, the court finds no clear error in the Magistrate Judge's Report and does not address them.[1]

    a. **Timeliness of Defendant's Discovery Request**

Federal Rules of Civil Procedure 34 and 36 govern discovery requests for documents and admissions, respectively. Under Fed. R. Civ. P. 34(a)(1) "A party may serve on any other party a request within the scope of 26(b)[2] to produce and permit the requesting party or its representative

---

[1] Plaintiff's additional objections concern the Magistrate Judge's October 27, 2016 order (ECF No. 66) on the propriety of Defendant's September 26, 2016 motion to compel (ECF No. 44) and are not specific objections to the Magistrate Judge's Report and Recommendation (ECF No. 92) herein.

Plaintiff's further objections include: (1) The Magistrate Judge's October 27, 2016 order denying plaintiff's motion for extended time and granting Defendant's motion to compel was an abuse of the Magistrate Judge's power (ECF No. 97 at 4); (2) The October 27, 2016 Magistrate Judge's order requiring Plaintiff to fully comply with discovery requests from Defendant was an abuse of its power (ECF No. 97 at 5); (3) The Magistrate Judge abused her power when it denied Plaintiff's motions to extend time for discovery and granted Defendant's motion to compel on October 27, 2016 (ECF No. 97 at 9-10); (4) The Magistrate Judge abused her power by not holding Defendant to the elements of Fed. R. Civ. P. 26(c) and 37 before allowing it to file a motion to compel on September 26, 2016. (ECF No. 97 at 13.)

[2] The following proceedings are exempt from initial disclosure:
**(i)** an action for review on an administrative record;
**(ii)** a forfeiture action in rem arising from a federal statute;
**(iii)** a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;
**(iv)** an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;
**(v)** an action to enforce or quash an administrative summons or subpoena;
**(vi)** an action by the United States to recover benefit payments;
**(vii)** an action by the United States to collect on a student loan guaranteed by the United States;
**(viii)** a proceeding ancillary to a proceeding in another court; and
**(ix)** an action to enforce an arbitration award.

Fed. R. Civ. P. 26(b)

to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control. (Request for Discovery of Documents). When a party is served with this request they have 30 days to respond, unless stipulated otherwise by court order. Fed. R. Civ. P. 34(b)(2)(A). This is subject to Fed. R. Civ. P. 6(d) which allows for 3 days to be added after the period would otherwise expire, because service was by mail. However, "[t]he time-computation provisions of subdivision [6](a) apply only when a time period must be computed. They do not apply when a fixed time to act is set." Fed. R. Civ. P. 6 (2009 Amendment Committee Advisory Note); *See Violette v. P.A. Days, Inc.,* 427 F.3d 1015, 1016 (6th Cir. 2005) (holding that [Fed. R. Civ. P.] 6(a) "does not apply to situations where the court has established a specific calendar day as a deadline").

Under Fed. R. Civ. P. 36 "a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (a) facts, application of law to fact, or opinions about either and (b) the genuineness of any described documents. (a)(1)(A-B). A party who does not respond in a timely manner thirty days after service (plus the three days if it is mailed, unless the court has set a specific date) will have the contents of the request admitted. *Id.* at (a)(3).

Under Fed. R. Civ. P. 5(b)(2)(C) serving someone by mail to their last known address makes service complete. "Because service is complete upon mailing, non-receipt of the information does not affect the validity of service." *RE/MAX, LLC v. M.L. Jones & Assocs., Ltd.*, No. 5:12-CV-00768-D, 2014 WL 5460609, at *2 (E.D.N.C. Oct. 27, 2014) (citing *United States v. Wright*, No. 00–4030, 2000 WL 1846340, at *2 (4th Cir. Dec. 18, 2000) (per curiam) (unpublished) (citations omitted).) A valid certificate of service creates the presumption of mailing and the serving party holds that burden. *Wright,* 2000 WL 1846340, at *3.

Here, Plaintiff's objection asserts that mailing a letter to someone does not equate to notice to that party. As stated above however, service is completed when it is mailed, and with service on a party there is the presumption that notice has been given. *See Salley v. Bd. of Governors, Univ. of N. Carolina, Chapel Hill, N.C.*, 136 F.R.D. 417, 420 (M.D.N.C. 1991) (citing *Cumberland Federal Sav. & Ln. v. Rangel*, 1988 WL 116838 (N.D. Ill. 1988) ("actual notice by a means other than that authorized by Rule 5(b) does not constitute valid service") (Under Fed. R. Civ. P. 5(b)(2)(C) service by mail is proper, so notice is given when there is proper mailing.)

Plaintiff states that he did not receive Defendant's Request for Production of Documents or its Interrogatories in a timely manner. (ECF No. 43.) However, Defendant provided certificates of service for both on August 16, 2016. (ECF Nos. 44-1 at 9 and 44-2 at 8) and as a result carried its burden of proving that service was timely and properly made upon Plaintiff. *See Wright,* 2000 WL 1846340, at *3. Moreover, "[A] party's statement that he did not receive the notice of deposition [or discovery requests] is insufficient to rebut the presumption of proper mailing. *RE/MAX, LLC,* 2014 WL 5460609, at *2 (citations omitted). Service was proper when it was mailed and notice was given. Thus, Plaintiff is not prejudiced by the Magistrate Judge's failure to consider Plaintiff's argument about the timeliness of Defendant's discovery requests.

b. **Plaintiff's Absence at November 18, 2016 Deposition**

Plaintiff asserts that his absence from the November 18, 2016 deposition was excusable since he allegedly had to go to the doctor, and that his absence should not have been used as a factor in the Magistrate Judge's Report, and ultimate recommendation as to whether or not Plaintiff's case should be dismissed. (ECF No. 97 at 10.) Fed. R. Civ. P. 37 allows for the district court to impose sanctions on a party for failing to comply with a court order including "dismissing the action". *Stewart v. VCU Health System Authority*, 2012 WL 463561, at *3 (E.D. Va. 2012)

9

(citing Fed. R. Civ. P. 37(b)(2)(A)(v) and 37(d)(1)(A)(i–ii.)  To warrant a dismissal, a plaintiff must demonstrate a "pattern of indifference and disrespect to the authority of the court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.,* 872 F.2d 88, 93 (4th Cir. 1992). In her Report, The Magistrate Judge utilized a four-factor test to determine whether or not Plaintiff in this case exhibited a pattern of indifference and disrespect to the authority of the court. *See Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92 (citations omitted).[3]

On September 26, 2016, Plaintiff was deposed but unresponsive to Defendant's questions and had not answered Defendant's interrogatories.  (ECF No. 44 at 3); *see also* (ECF No. 72-1.) On October 27, 2016, Plaintiff was instructed in the Magistrate Judge's order granting Defendant's motion to compel, to comply with Defendant's discovery requests by November 10, 2016, and was given a final warning as to the sanctions that could be imposed if there was a failure to comply. (ECF No. 66.) Plaintiff was deposed in a reconvened deposition on November 15, 2016, but again was unresponsive and fell ill, and Defendant and Plaintiff mutually agreed to reconvene the deposition on November 18, 2016.  (ECF No. 82 at 193, 197-98.) However, on the eve of the November 18, 2016 deposition, Plaintiff unilaterally cancelled his deposition (ECF 75-2), to which Defendant responded (ECF No. 75-3) stating that the deposition would continue as planned. Plaintiff was not present at his deposition of November 18, 2016 and Defendant filed a second motion to dismiss with the court on the same day.  (ECF No. 75.)

As part of the Magistrate Judge's application of the four-factor test enumerated in *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.,* she found that Plaintiff's continued unresponsiveness and ultimate absence from the November 18, 2016 deposition was a factor in

---

[3] (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Plaintiff's ". . . pattern of indifference and disrespect for the court and the Federal Rules of Civil Procedure . . ." (ECF No. 92 at 9.) The Magistrate Judge further states in a footnote that Plaintiff provided a doctor's note one month after the date of the reconvened deposition, but that this was procedurally improper. (ECF No. 92 at 9 n.1) ("Plaintiff, even though he is proceeding *pro se*, should be well aware that he is required to seek protection from the Court *prior* to cancelling his deposition"); *see also* (ECF No. 80-1 at 3, 46-49, 52, 54.)

Plaintiff's failure to respond adequately to Defendant's requests for production or its interrogatories (ECF No. 81 at 6-9); *see also* (ECF Nos. 72-3, 72-4), and his refusal to answer questions at either his September 26, 2016 deposition (ECF No. 72-1) or November 15, 2016 deposition (ECF No. 75-1), and his failure to be present at his November 18, 2016 rescheduled deposition (ECF No. 75-2) show that Plaintiff does not respect the authority of the court nor the Federal Rules of Civil Procedure. This court agrees with the Magistrate Judge's assessment that Plaintiff's continued ambivalence to the orders of the court or the mandates of the Federal Rules of Civil Procedure "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

This court further agrees with the Magistrate Judge's use of Plaintiff's absence from the November 18, 2016 deposition as a factor in determining whether dismissal of Plaintiff's claims should be the ultimate disposition. *See* (ECF No. 92 at 11) ("Plaintiff has demonstrated an unwillingness to conform to the Federal Rules and to abide by the orders of the court. Without exercising the power to dismiss under such circumstances, judicial resources are wasted, judicial authority becomes worthless, and litigants are forced to endure unreasonable delay and partial responses to discovery.") Plaintiff was warned about his non-compliance with the orders of the court and the Federal Rules of Civil Procedure (ECF No. 45, 66 at 3-4) and he continued to be

non-compliant, thus the court has the ability to dismiss Plaintiff's case. *See Ballard v. Carlson,* 882 F.2d 93, 95–96 (4th Cir. 1989) ("[T]he propriety of a dismissal of the type involved here depends on the particular circumstances of the case. . . [T]he Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact. . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse.")

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 97) and therefore Defendant's motions for dismissal (ECF Nos. 72, 75) are **GRANTED.** It is therefore **ORDERED** that Plaintiff's action (ECF No. 1) is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 12, 2017
Columbia, South Carolina